UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| STEPHEN DANIEL BOUDREAUX | CIVIL ACTION NO.: 12-2598 |
|---|---|
| VERSUS | SECTION: "A" |
| BRANDON COOPER, ET AL. | MAGISTRATE: 03 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)

MAY IT PLEASE THE COURT:

### Introduction

This lawsuit is a claim for damages pursuant to 42 U.S.C. § 1983 and 1988 instituted by a pre-trial detainee and arising from allegations of cruel and unusual punishment, negligent care, and battery while the detainee was incarcerated at the St. Tammany Parish Jail ("the Jail"). Named as defendants, among others, are: Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish ("Sheriff Strain"); Richard D. Inglese, M.D., who is employed by Sheriff Strain as the medical director of the Jail; and Major Gregory Longino, who is employed by Sheriff Strain as Warden of the Jail.

The plaintiff's Complaint (Rec. doc. 1) states three causes of action. The first one is civil-rights claim, based on § 1983, of cruel and unusual punishment against the defendants

- 2 -

arising from their alleged disregard for the safety and welfare of the plaintiff by placing him in a holding cell while the plaintiff was on suicide watch at the Jail. *See* Rec. doc. 1, at ¶¶ 20-24. The defendants vehemently deny these allegations. But even if these allegations were proved to be true and even if such conduct on the part of the defendants actually constituted a violation of the plaintiff's constitutional rights (a point of law that the defendants most emphatically do not concede), the plaintiff's complained-of placement in the holding cell began on October 21, 2011 and ended on October 24, 2011, when the plaintiff was involved in an altercation with another prisoner. *Id.*, at ¶¶ 12-15. Since plaintiff's Complaint was not filed until October 25, 2012, more than one year after the alleged events giving rise to this cause of action, the plaintiff's § 1983 claim is barred by the applicable statute of limitations.[1]

Second, the plaintiff asserts a pendent state tort claim of vicarious battery against Warden Longino, which stems from an alleged attack by another inmate upon plaintiff at the Jail while he was detained in the holding cell. *Id.*, at ¶ 27. Plaintiff alleges that Warden Longino placed him in the holding cell with a foreseeably dangerous inmate who subsequently committed a battery upon the plaintiff. But, even if this aspect of plaintiff's Complaint were found to state a legitimate claim (a point of law that the defendants again do not concede), this claim is prescribed. This incident occurred on October 24, 2011, as alleged in plaintiff's Complaint. *Id.*, at ¶ 15. And as his Complaint was filed on October 25, 2012, this claim is prescribed under Louisiana law and therefore also should be dismissed as untimely.

---

[1] This Honorable Court certainly can take judicial notice of the fact that October 25, 2012 was a Thursday and did not follow a legal holiday.

Finally, the plaintiff's general negligence claim is also a pendent state tort claim and should be dismissed. *Id.*, at ¶¶ 25-26. The "general rule" of the district courts is to "decline jurisdiction over pendant state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.* 179 F.3d 217, 227 (5th Cir. 1999). As the plaintiff's § 1983 claim was urged untimely and should be dismissed, the plaintiff's pendent state law claims should therefore be dismissed as well.

For the reasons just discussed, and as will be set out more fully below, the plaintiff's Complaint should be dismissed as to all three moving defendants, without the need for any further proceedings.

## Applicable Law and Analysis

### 1. Relevant Statutory Law

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When considering a Rule 12(c) motion, the court employs the same standard used when ruling on motions to dismiss pursuant to Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). For purposes of such a motion, the court should accept all well-pleaded material allegations of the non-moving party as true and views all facts and inferences in a light most favorable to the pleader. *Id.* at 313.

A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). "[T]he central issue is whether, in

the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001). "The [district] court may dismiss a claim when is it clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

### 2. The Plaintiff's Section 1983 Claim is Barred by the Applicable Statute of Limitations and is Prescribed under Louisiana Law.

Under federal law, the statute of limitations under § 1983 begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir. 1987). The determination of the accrual of the cause of action is a matter of federal law. *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). In *Wallace,* the Supreme Court declared that:

> Under the traditional rule of accrual the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Id.* at 391, 127 S.Ct. at 1097.

Stated differently, "... accrual occurs 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Frame v. City of Arlington,* 657 F.3d 215, 238 (5th Cir. 2011) *quoting Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008). "A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual

knowledge is not required 'if the circumstances would lead a reasonable person to investigate further.'" *Piotrowsko v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

In this case, the last possible date of accrual as to the plaintiff's 1983 claim clearly came on October 24, 2011, the last day of his placement in the holding cell. Thus, October 24, 2011 is the triggering date for the running of the time period in which the plaintiff's claims must be brought. These facts are confirmed by the St. Tammany Parish Jail records attached as Exhibit A.

Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Board of Regents of University of New York v. Tomanio*, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95, 64 L.Ed.2d 440 (1980); *Edmonds v. Oktibbeha County, Miss.*, 675 F.3d 911, 916 (5th Cir. 2012). In Louisiana, the prescriptive period of a delictual action is governed by Article 3492 of the Louisiana Civil Code which provides that a claim is prescribed one (1) year from the date of the alleged injury or damage. *See also Mitchell v. Crescent River Port Pilots Association*, 265 Fed.Appx. 363, 367 (5th Cir. 2008); *Douglas v. Gusman*, 567 F. Supp. 2d 877, 884 (E.D.La. 2008).

As stated above, the prescriptive period for the plaintiff's § 1983 claim began to accrue on October 24, 2011 and so the latest possible date it could be properly urged was October 24, 2012. Because the plaintiff did not file suit until October 25, 2012, his § 1983 claim was untimely urged and should be dismissed on that basis.

### 3. *The Plaintiff's Pendent State-Law Claim of Battery is Prescribed under Louisiana Law.*

Additionally, the plaintiff's pendent state tort claim of battery is also prescribed and should therefore be dismissed. As explained in the preceding section, La. Civ. Code Art. 3492 governs the prescriptive period applicable to delictual actions and it provides that such actions are subject to a liberative prescription of one (1) year. The article further states that "[t]his prescription commences to run from the day injury or damage is sustained." *Id.* As alleged in the plaintiff's Complaint and cited above, and as shown in Exhibit A, plaintiff was placed in the holding cell on October 21, 2011 and was attacked by another inmate on October 24, 2011, which attack forms the basis for his claim of battery.[2] Because plaintiff did not file suit until October 25, 2012, his state tort claim of battery is also prescribed.

### 4. *The Plaintiff's State Claim of General Negligence Also Should Be Dismissed.*

Finally, the plaintiff's pendent state tort claim of general negligence should also be dismissed. The "general rule" of the district courts is to "decline jurisdiction over pendant state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste,* 179 F.3d at 227; *see also Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 691 n. 7, 98 L.Ed.2d 720 (1988)("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims."). As such, considering that plaintiff's § 1983 claims are clearly prescribed and should be dismissed, plaintiff's pendent state law claims should be dismissed as well, albeit without prejudice.

---

[2] Again, the defendants assert that this was a sudden and spontaneous attack that was not at all foreseeable.

## Conclusion

For the reasons set out above, the plaintiff's assertion of a claim pursuant to 42 U.S.C. § 1983 and his pendent state-law claim of battery against the defendant movers both fail to properly state a claim upon which relief can be granted, because they were both initiated untimely. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the defendant movers request from this Honorable Court an order dismissing those aspects of plaintiff's suit, with prejudice and at the plaintiff's cost, and dismissing his pendent state-law negligence claim without prejudice.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY: /s/ Gary L. Hanes
   CHARLES M. HUGHES, JR. (#14382)(T.A.)
   GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendants/Movers Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Warden Gregory Longino, and Dr. R. Demaree Inglese

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2013, a copy of the foregoing Defendants' Memorandum in Support of Motion for Judgment on the Pleadings was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, there being no unrepresented parties, by operation of the court's electronic filing system.

/s/ Gary L. Hanes
GARY L. HANES