UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN DANIEL BOUDREAUX | CIVIL ACTION NO.:  12-2598 |
| VERSUS | SECTION:  "A" |
| BRANDON COOPER, ET AL. | MAGISTRATE:  03 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(c)**

MAY IT PLEASE THE COURT:

### Introduction

Currently pending in this matter and set for hearing on March 20, 2013 is a Motion for Judgment on the Pleadings (Rec. doc. 22) filed by Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Major Gregory Longino, and Dr. R. Demaree Inglese, defendants herein.  The motion seeks the dismissal of the entirety of the claims asserted by the plaintiff Stephen Daniel Boudreaux herein.

On March 11, 2013, the plaintiff submitted an Opposition to the defendants' motion (Rec. doc. 27), with related attachments.  The plaintiff's opposition contains several points that the defendants desire to rebut and/or clarify, and they offer the following brief comments for that purpose.  For brevity's sake, these comments assume the Court's familiarity with the arguments initially offered by the defendants in support of the Motion as well as the plaintiff's Opposition.

## Law and Argument

The *only* relevant question raised by the plaintiff's Opposition is a simple one: On what date did the incident complained of occur? Plaintiff's original complaint states the following: "On October 24, 2011, Cooper attacked Petitioner…." *See* Rec. doc. 1 at ¶ 15. Plaintiff's complaint goes on to state that "[Plaintiff] was finally brought to [the hospital] on the following day, October 25, 2011…." *Id.*, at ¶¶ 16. Based at least in part on this language, the moving defendants filed the present Motion for Judgment on the Pleadings. Because plaintiff alleged in his complaint that the incident occurred on October 24, 2011, yet failed to file his complaint until October 25, 2012, his claims are untimely on their face and therefore should be dismissed.

In a failed effort to overcome these facts, the plaintiff's Opposition and attachments offer documents that inexplicably contradict his own original complaint. A portion of plaintiff's Exhibit A *in globo* (Rec. doc 27-1) is an Inmate Grievance Response from defendant Dr. Inglese wherein he states that the incident occurred on October 25, 2011. But Dr. Inglese has admitted to having been mistaken as to the date that the incident occurred as regards the reference in that particular Grievance Response, and that his incorrect notation of the date was merely an error. Exhibit X (Affidavit of Dr. Inglese), at ¶ 8. Once Dr. Inglese had an opportunity to personally review Mr. Boudreaux's Jail medical file, as well as all documentation contained in Mr. Boudreaux's Jail administrative file, he was able to confirm that the incident in question did in fact occur on October 24, 2011. *Id.*, at ¶ 9.

So what the undisputed facts in this matter, including the plaintiff's own complaint, clearly demonstrate is that the incident occurred late in the evening on October 24, 2011,

around 10:00 p.m., and the plaintiff was thereafter transported to the hospital for the injuries sustained on the morning of October 25, 2011.  These facts are further confirmed by the portions of the plaintiff's Jail medical and administrative records attached as Exhibit Y *in globo*, where numerous Jail personnel report the incident as having taken place on October 24, 2011.  They are also supported by another Inmate Grievance Response prepared by Dr. Inglese himself, dated January 27, 2012, where he correctly noted that the incident took place on 10/24.  Exhibit Z.

The bottom line to all of this is that the plaintiff was in a holding cell on suicide watch between October 21 and October 24, 2011, and he was attacked by another inmate on October 24, 2011, but he did not file the instant lawsuit until October 25, 2012.  Thus, any and all claims based solely on facts that occurred prior to October 25, 2011 have prescribed and should be dismissed on that basis.  These include: (1) plaintiff's § 1983 claim of due process violation based on cruel treatment, as set out in ¶¶ 20-22 of his Complaint; (2) the plaintiff's pendent state-law tort claim of vicarious battery against Warden Longino, as set out in ¶ 27 of the Complaint; and (3) his pendent state-law tort claim of negligence, as set out in ¶ 26 of the Complaint, to the extent that those allegations are based on independent facts that occurred prior to October 25, 2011.  And because the only remaining aspects of plaintiff's lawsuit are based only on state-law negligence, the instant matter should be dismissed in its entirety, all of which is more fully explained in defendants' motion for judgment on the pleadings.  *See* Rec. doc. 22.

Finally, plaintiff's Opposition argues that in the event this court determines that the incident occurred on October 24, 2011 (which it did), all of plaintiff's claims still remain viable under the "continuing tort" theory.  *See* Rec. doc. 27 at page 2.  This argument has

virtually no basis.  Were the court to find the continuing-tort theory relevant, its only possible application would be to plaintiff's general negligence claim and then only to those aspects of it arising after October 24, 2011.  The doctrine would in no way or manner apply to plaintiff's § 1983 claim of cruel and unusual punishment or to his pendant state-law claim of vicarious battery because the facts allegedly supporting these claim all occurred prior to October 25, 2011.   These are wholly separate claims and therefore not subject to the continuing-tort theory.

Plaintiff's § 1983 claim prescribed one year after plaintiff was removed from the holding cell, which defendants have already shown to have been no later than October 23, 2012. (Rec. doc. 22-2)  In order for this claim to classify as a continuing tort, plaintiff would have had to be continuously put back into the holding cell at the jail, which was not alleged by plaintiff and was clearly not the case.  Further, plaintiff's pendant state-law claim of vicarious liability prescribed one year after the attack by another inmate occurred, which was fully discussed in the preceding paragraphs.  Plaintiff was not continually attacked by the other inmate.  He was attacked once, on October 24, 2011.  Accordingly, these two claims clearly do not fall under the purview of the continuing tort theory.

The only seemingly viable argument plaintiff may assert is that his pendant state tort claim of general negligence regarding his alleged inadequate medical care falls under the continuing tort theory and thus is not prescribed.  However, as previously discussed in defendants' original motion (Rec. doc. 22), it is the general rule of this court to deny jurisdiction over any remaining pendant state claims when all federal law claims are dismissed in a case.  *Batiste v. Island Records, Inc.* 179 F.3d 217, 227 (5th Cir. 1999).

Further, to argue the adequacy of plaintiff's jail medical care forces this court to prematurely consider the merits of the case. Such an examination clearly is beyond the scope of defendants' original motion. Because both plaintiff's § 1983 claim and pendant state-law claim of vicarious battery are clearly prescribed under law and should therefore be dismissed with prejudice, plaintiff's pendant state-law claim of general negligence should also be dismissed, but without prejudice only as to those aspects of the claim arising after October 24, 2011.

## Conclusion

For the reasons set out in the defendants' original Memorandum in Support and as supplemented herein, the plaintiff's assertion of a claim pursuant to 42 U.S.C. § 1983 and his pendent state-law claim of battery against the defendants both fail to properly state a claim upon which relief can be granted, because they were both initiated untimely. Thus, these aspects of plaintiff's suit should be dismissed, with prejudice and at the plaintiff's cost, and plaintiff's pendent state-law negligence claim should be dismissed without prejudice, but only as to those aspects arising after October 24, 2011.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:   /s/ Gary L. Hanes
   CHARLES M. HUGHES, JR. (#14382)(T.A.)
   GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendants/Movers Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Major Gregory Longino, and Dr. R. Demaree Inglese

**CERTIFICATE OF SERVICE**

     I hereby certify that on March 18, 2013, a copy of the foregoing Defendants' Motion for Judgment on the Pleadings was filed electronically with the Clerk of Court using the CM/ECF system.   Notice of this filing will be sent to all counsel of record, there being no unrepresented parties, by operation of the court's electronic filing system.

               /s/ Gary L. Hanes
                 GARY L. HANES