UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN DANIEL BOUDREAUX | CIVIL ACTION NO.: 12-2598 |
| VERSUS | SECTION: "A" |
| BRANDON COOPER, ET AL. | MAGISTRATE: 03 |

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

BEFORE ME, the undersigned authority, on the date indicated below, personally came and appeared:

**RICHARD D. INGLESE, M.D.**

who, being sworn, did declare and say that:

1. He was awarded a M.D. degree from the University of Pennsylvania School of Medicine in 1992 and has been licensed to practice medicine in the State of Louisiana by the Louisiana State Board of Medical Examiners since 1999.

2. Pursuant to those qualifications, he has engaged in the active practice of internal and emergency medicine since the time of his initial licensing and has approximately twenty years of clinical "hands-on" experience, most of that experience taking place in the context of correctional institutions.

3.  He has been qualified as an expert witness on numerous occasions in both state and federal courts in the areas of internal medicine, emergency medicine, and correctional health care.

4.  He has served as Medical Director of the St. Tammany Parish Jail since May, 2004 and was personally involved in the treatment of Stephen P. Boudreaux, the plaintiff in the above-captioned lawsuit, during his period of detainment in the Jail that is the subject of the lawsuit.

5.  He has personally reviewed the documents from Mr. Boudreaux's Jail medical file that are attached *in globo* as Exhibit A (Rec. doc. 27-1) to Petitioner's Response in Opposition to Defendants' Motion for Judgment on the Pleadings (Rec. doc. 27).

6.  He himself drafted all but the last page of those documents, specifically including (a) the Response to Inmate Grievance dated 12/21/11; (b) the Response to Inmate Grievance dated 1/13/12; and (c) the Physician's Note incorrectly dated 2/29/11 (should be 2/29/12, as there was no "2/29/11").

7.  He has had an opportunity to review Mr. Boudreaux's Jail medical file as well as all of the documentation contained in Mr. Boudreaux's Jail administrative file.

8.  Based on that review, the direct and indirect mentions in the above-referenced documentation of the alleged altercation in question having taken place on 10/25/11 are in error.

9.  The documentation contained in Mr. Boudreaux's Jail administrative file, as well as other references in his medical file, clearly and unambiguously demonstrates that the altercation in question took place at approximately 10 p.m. on the evening of 10/24/11

10. This documentation includes, but is not limited to, the records from plaintiff's Jail administrative and medical files attached to defendant's Reply Memorandum *in globo* as Exhibit "Y," and the Grievance Response dated 1/27/12, which was prepared by Affiant and is attached

- 3 -

as Exhibit "Z." Both of these documents are adopted and made a part of the instant Affidavit by way of this reference.

11. The source of the incorrect date contained in the plaintiff's Exhibit A documents was from Affiant's cursory review of plaintiff's Jail medical records in preparing those Grievance Responses and his noting of the ongoing care that the plaintiff did in fact receive on 10/25/11.

12. It is very likely, to a point of almost certainty, that the source of the misinformation for the date of the alleged altercation contained on the final page of plaintiff's Exhibit A (Referral Note dated 11/3/11 from Dr. Jones at the Interim LSU Hospital in New Orleans) was either Mr. Boudreaux himself or the hospital's own ER records from Mr. Boudreaux's 10/25/11 visit, as Dr. Jones certainly would not have had access to the relevant Jail administrative documents and medical records.

13. The facts set forth in this affidavit are true and accurate to the best of his ability and understanding, and they are based upon his personal knowledge.

_____
Richard D. Inglese, M.D.

Sworn to and subscribed before me,
this 15th day of March, 2013.

_____
Notary Public
Printed Name: GARY L. HANES
Notary or Bar No. 14341