UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN DANIEL BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-2598** |
| **BRANDON COOPER, ET AL.** | **SECTION "A" (3)** |

**ORDER**

On March 20, 2013, the Defendants' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. #22] came on for oral hearing before the undersigned. Present were Jennifer Fraychineaud on behalf of plaintiff, Charles Hughes on behalf of defendants Rodney Jack Strain, Jr., Gregory Longino and R. Demaree Inglese, and Leo Hemelt on behalf of defendant St. Tammany Parish.[1]  Having reviewed the motion**,** the opposition and the case law, the Court rules as follows.

**I.     Background**

The complaint arises out of the arrest of plaintiff Stephen Daniel Boudreaux and his confinement in the St. Tammany Parish Jail.  Boudreaux was arrested on October 19, 2011 by the St. Tammany Parish Sheriff's Office and transported to the St. Tammany Parish Jail the same day.

---

[1] After the oral hearing, the Court dismissed as moot St. Tammany Parish's Motion to Dismiss Complaint Pursuant to Rule 12(b)(1) and (6)  [Doc. #25] because plaintiff informed the Court that he would voluntarily dismiss the Parish.  At the time of this report and recommendation, however, plaintiff had still not done so.

(Pl.'s Compl. at ¶ 10). Plaintiff alleges that Dr. R. Demaree Inglese, a physician at the jail, denied him medication and that he was held for three days in a 3x3-foot cell before being placed in a larger holding cell on October 24, 2011, where he was attacked by another inmate, Brandon Cooper. (*Id.* at ¶¶ 12-15, 16 *et seq.*).

Plaintiff alleges that the confinement in the 3x3-foot cell and the denial of his medical care violated his constitutional rights. Plaintiff asserts federal- and state-law claims involving the medical care provided to him and a federal-law claim for failure to provide him with a safe environment. Boudreaux sued defendants on October 25, 2012 under 42 U.S.C. § 1983 and state law.

A careful review of plaintiff's complaint reveals that plaintiff states four causes of action: (1) civil-rights claims for cruel and unusual punishment arising from defendants' alleged disregard for his safety by placing him in a holding cell while he was on suicide watch and from defendants' deliberate indifference to his medical care under 42 U.S.C. § 1983; (2) a pendent state-law claim of vicarious battery against Warden Longino; and (3) a pendent state-law claim of negligence.

## II. The Parties' Arguments

### A. The Individual Defendants' Motion to Dismiss

The individual defendants move for judgment on the pleadings on the ground that all of plaintiff's claims have prescribed. With regard to the first claim – the claim for cruel and unusual punishment under Section 1983 – defendants argue that the claim has prescribed because it accrued on October 24, 2011, the day he was released from the holding cell. Contending that state law controls prescription under Section 1983, defendants maintain that plaintiff had one year to bring this claim under Louisiana Civil Code article 3492. Because plaintiff did not file suit until October 25, 2012, defendants argue that the claim has prescribed.

2

Defendants also argue that the state-law battery claim has prescribed. Defendants note that the alleged battery by another inmate occurred on October 24, 2011. Again, because plaintiff did not file suit until October 25, 2012, defendants argue that the claim has prescribed.

With regard to the negligence claim, defendants ask the Court to dismiss it without prejudice under the general rule that when a district court dismisses a party's federal causes of action, it should decline jurisdiction over pendent state-law claims.

### B. Boudreaux's Opposition

With regard to the battery claim, plaintiff argues that there exists a genuine issue of material fact as to the date on which he was attacked. While plaintiff initially stated the date as October 24, 2011, the report of Inglese lists the date as October 25, 2011. Two other records also allegedly list the date as October 25, 2011. Accordingly, plaintiff argues that defendants' motion as to the battery claim should be denied.

Plaintiff also contends that all of his claims remain viable because defendants' subjected him to "systematic deliberate indifference as to his medical diagnoses and would-be medical treatment, resulting in continuous tortious acts against him," thus interrupting prescription. Citing case law, plaintiff notes that prescription does not begin until the conduct causing the damages is abated. Plaintiff contends that the alleged unlawful conduct did not abate until his release from prison on August 23, 2012.

Plaintiff alleges that medical screenings conducted by the St. Tammany Parish Jail dated March 29, 2011 and October 21, 2011 revealed his pre-existing medical conditions and prescription medications to jail medical personnel. Plaintiff contends that all of the defendants were aware of his medical diagnoses, but on December 2, 2011, Inglese minimized his status of complete disability

and prohibited the use of certain of his medications for the duration of his incarceration. Plaintiff thus argues that he was unable to take his medication for his depression nor his medication associated with neck and back pain that resulted from an on-the-job injury. Despite this pain, he was assigned an upper-level bunk that he had difficulty accessing. Plaintiff thus maintains that the deliberate indifference to his medical care did not abate after his attack by Cooper but persisted during his incarceration.

Plaintiff also notes that he filed a multitude of grievances in which he requested that he be seen by medical personnel from outside the jail, which were generally denied. He raises two specific instance of deliberate indifference to support his allegations. Plaintiff notes that Inglese described his injuries after the attack as "facial trauma," while Louisiana State University Hospital physicians described it more severely. Inglese also informed plaintiff that his teeth would not fall out after the attack, but the records from the Dental Clinic at the jail revealed that avulsion, or physical detachment, had occurred and that extraction might be necessary in the future. Inglese attributed plaintiff's complaints to his mental-health status and asked him to see a psychiatrist in lieu of further medical testing. This persistent refusal to recognize the severity of his injuries, plaintiff contends, supports his argument that defendants displayed deliberate indifference during his entire incarceration. This indifference, he maintains, resulted in daily tortious acts that did not abate until his release.

### C. The Individual Defendants' Reply

Defendants note that in his complaint, plaintiff alleges that the battery occurred on October 24, 2011. (Pl.'s Compl. at ¶ 15). Having reviewed plaintiff's medical records, Inglese now admits in his affidavit that his notation – that the incident occurred on October 25, 2011 – was in error.

Defendants attach plaintiff's medical and administrative records that support that the incident occurred on October 24, 2011. Plaintiff's claims have thus prescribed, according to defendants.

Defendants next argue that the continuing tort doctrine does not apply to plaintiff's Section 1983 claim or his vicarious battery claim because all of the allegations that support these claims occurred before October 25, 2011. Plaintiff does not allege that defendants continued to re-place him in the holding cell, or that Cooper continued to attack him. And even were the Court to apply the continuing tort doctrine to the negligence claim, defendants ask the Court to deny jurisdiction over the remaining pendent state-law claim. Defendants ask the Court to dismiss the Section 1983 and vicarious battery claims with prejudice and to dismiss the negligence claim without prejudice.

### III.    Law and Analysis

#### A.    Legal Standard

The Court evaluates a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Id.* (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations.").

**B.     Analysis**

Because there is no federal statute of limitations for actions brought pursuant to Section 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Louisiana Civil Code article 3492's one-year prescriptive period thus applies to plaintiff's Section 1983 action. *See Elzy v. Roberson*, 868 F.2d 793, 794-95 (5th Cir. 1989).

Here, plaintiff sued defendants on October 25, 2012.  The Court finds that the battery occurred on October 24, 2011 and the placement in the 3x3-foot holding cell occurred between October 21, 2011 and October 24, 2011.  Plaintiff thus had until October 24, 2012 to file suit on these two claims.  He failed to do so, and the Court thus dismisses these two claims as time-barred.

The continuing tort doctrine does not apply to plaintiff's claim for cruel and unusual punishment or vicarious battery claims.   The battery claim is based on the alleged beating by Cooper, and one of plaintiff's Section 1983 claims is based on his placement in the 3x3-foot holding cell.  As defendants correctly note, plaintiff does not allege that defendants continued to re-place him in the holding cell or that Cooper continued to attack him.  There are no allegations that these two claims continued after October 24, 2011.  Indeed, plaintiff's only argument in his opposition memorandum is that the continuing tort doctrine applies to his claims that defendants were deliberately indifferent to his medical care, *i.e*, his deliberate-indifference claim under Section 1983 and the corresponding state-law negligence claim.

The Court refuses to dismiss plaintiff's Section 1983 claim for deliberate indifference to his medical care and his state-law negligence claim.  While defendants argue that plaintiff's only

6

federal-law claim here is that based on his confinement in the 3x3-foot holding cell, the Court does not read plaintiff's complaint so narrowly.  Under the rubric "FEDERAL CAUSE OF ACTION" in his complaint, plaintiff alleges that

> [a]s a result of his being arrested, Petitioner, who had been diagnosed as suffering from the mental illness of Depression, was not able to take the medications that were prescribed to him and Jail personnel did not administer the proper medications *for the duration of the time that Petitioner was held there*. . . .

(Pl.'s Compl. at ¶ 22 (emphasis added)).  Contrary to defendants' argument that plaintiff only asserts a state-law claim for negligent medical care, a careful reading of plaintiff's complaint reveals that he alleges under Section 1983 that the deliberate indifference to his medical care that began in the 3x3-foot holding cell continued to occur throughout his entire period of confinement at the parish jail.  And plaintiff asserts this claim as a federal cause of action under Section 1983.  Accordingly, and because defendants fail to address this claim, the Court retains jurisdiction over this claim for events that occurred after October 24, 2012 and refuses to dismiss it at this time.

Because the Court retains jurisdiction over this federal-law claim, the Court refuses to dismiss plaintiff's state-law negligence claim under the pendent-jurisdiction doctrine.  Defendants only ask the Court to dismiss the state-law claim of negligence on the ground that the Court no longer has jurisdiction over any federal-law claim.  But because plaintiff has alleged a claim under Section 1983 for deliberate indifference to his medical care, defendants' argument fails.

**IV.   Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [Doc. #22] be GRANTED IN PART.

**IT IS FURTHER ORDERED** that plaintiff's claims against  Rodney Jack Strain, Jr.,

7

Gregory Longino and R. Demaree Inglese under 42 U.S.C. § 1983 for cruel and unusual punishment for having placed him in a 3x3-foot holding cell and his state-law claim for battery be DISMISSED WITH PREJUDICE.  For now, plaintiff's claim under Section 1983 for deliberate indifference to his medical care after October 24, 2012 and his state-law claim for negligence remain viable.

New Orleans, Louisiana, this 6th day of May, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**